**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: December 22 2009

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 09-32683 |
| | ) | |
| Joshua E. Young, | ) | Chapter 7 |
| | ) | |
| | ) | |
| Debtor. | ) | JUDGE MARY ANN WHIPPLE |

## ORDER

This case came before the court for an unscheduled telephone hearing on December 22, 2009, in reference to the procedure to be followed under prior orders of the court governing examination of Joshua Young by Chapter 7 Trustee William Swope and German Mutual Insurance Company.

Debtor experienced a fire loss of real and personal property and has made a claim under a policy of insurance issued by German Mutual. The examinations of both Swope and German Mutual relate to this loss. Orders of the court governing this issue were entered on July 24, 2009 (Doc. # 14, Order granting Trustee's uncontested motion for turnover from Debtor of insurance proceeds); October 20, 2009 (Doc. # 35, Agreed Order resolving Trustee's motion to enjoin German Mutual from examining Debtor); December 9, 2009 (Doc. # 43, Order granting German Mutual's motion to compel Debtor's attendance at an

examination);[1] and December 14, 2009 (Doc. # 45, Order granting Trustee's motion for Rule 2004 examination). Under the court's December 9 and December 14 orders, Young was ordered to appear for examination on December 22, 2009, at 2:30 p.m.

Young appeared as ordered by the court in its December 9 and December 14 orders. However, a dispute arose among counsel at that time as to whether Young's lawyer was entitled to be present during the examination. The court immediately convened an unscheduled telephone hearing at the oral request of the parties to address the issues raised, with all parties present.

There is no dispute that Young is entitled to have counsel present during examination under Bankruptcy Rule 2004. German Mutual asserts, however, that its examination is an "examination under oath" proceeding independent of bankruptcy and only under the terms of the insurance policy in issue, and at which Young is not entitled to have counsel present. It was the court's understanding, perhaps incorrect, perhaps correct, as it turns out, that it was acting under and enforcing Bankruptcy Rule 2004 in signing the October 20 and December 9 orders, as well as in signing the December 14 order, which is why the court did not afford a notice period for response to German Mutual's December 8, 2009, motion to compel. The distinction being asserted between a Rule 2004 examination and an independent EUO under a policy of insurance was not clear to the court at the time.

Because of the importance of representation and presence of counsel in those circumstances in which there is an entitlement to counsel, the court at the hearing *sua sponte* orally vacated its prior orders to the extent they authorized and directed a separate examination by German Mutual. Fed. R. Bankr. P. 9024; Fed. R. Civ. P. 60(a); 11 U.S.C. § 105(a). The court directed that the Rule 2004 examination by Swope proceed today, with Young's lawyer present. If after concluding his examination the Trustee believes that there is property of the estate to be administered, the court will revisit, this time in light of the understanding that there is a distinction being asserted between Rule 2004 and an EUO under the policy, the issue of German Mutual's examination of Young, including the authority upon which it rests, the interests of the bankruptcy estate, if any, and whether Young's lawyer is permitted to attend. The procedural context in which the court will address the issue is Swope's motion filed on August 6, 2009, [Doc. # 20], and German Mutual's motion to compel filed on December 8, 2009, [Doc. # 43]. Absent

---

[1] The December 9, 2009, order was entered by the court only one day after the motion to compel that it granted was filed, without allowing time for any party in interest to respond under L.B.R. 9013-1. The court now suspects that if counsel for Debtor had likewise understood that German Mutual's position is that counsel is not entitled to be present during German Mutual's examination, an objection to the motion to compel would have been filed on Debtor's behalf.

withdrawal by Swope of his motion to enjoin the German Mutual examination, the court will schedule a further, expedited hearing on both motions at the filed written request of any party in interest.

Based on the foregoing reasons,

**IT IS ORDERED** that the court's prior orders entered on October 20, 2009, [Doc. # 35], and December 9, 2009, [Doc. # 45] are vacated and of no further effect to the extent provided herein; and

**IT IS FURTHER ORDERED** that the court will convene a further hearing on the Trustee's motion to enjoin examination [Doc. #20] and German Mutual's motion to compel examination [Doc. # 42] on an expedited basis at the filed written request of any party in interest.